UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62791-CV-SMITH
MAGISTRATE JUDGE REID

RUDOLPH WOODS,

    Petitioner,

v.

DEP'T OF CORR.,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. His Petition attacks the constitutionality of his judgment of conviction in Case No. 04-17046CF10A, Seventeenth Judicial Circuit, Broward County. The Undersigned has reviewed the entire record, including Petitioner's § 2254 Petition. As discussed below, the Petition should be DENIED in part and DISMISSED in part.

### I.    Background

The state charged Petitioner and codefendant Paul Simplice with two counts of robbery with a firearm (counts one and two) and two counts of kidnapping with a weapon (counts three and four). [ECF No. 15-1, pp. 2-3].[1] A jury convicted Petitioner of all four counts. [*Id.* pp. 26-29]. The trial court declared Petitioner a habitual violent felony offender and sentenced him to four concurrent terms of life imprisonment with a 15-year mandatory minimum sentence. [ECF No. 17-1, p. 34]. Petitioner appealed. The Fourth District Court of Appeal ("Fourth District") affirmed without comment. [ECF No. 15-1, p. 173].

---

[1] All page citations for ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

1

Relevant here, Petitioner filed a "petition for writ of habeas corpus" in the trial court. [*Id.* p. 220]. The court denied the petition without prejudice as facially insufficient. [*Id.* p. 258]. Petitioner then filed an amended petition. [*Id.* p. 260]. The trial court summarily denied the amended petition. [ECF No. 15-2, p. 3]. Petitioner appealed. [*Id.* pp. 5, 54]. The Fourth District again affirmed without comment. [*Id.* p. 56]. Also relevant here, Petitioner filed an amended Rule 3.850 motion in the trial court. [*Id.* pp. 88-90]. The trial court denied the motion. [*Id.* p. 106]. The Fourth District affirmed without comment. [ECF No. 15-3, p. 6].

Petitioner filed this § 2254 Petition, [ECF No. 1], whose timeliness the state does contest, [ECF No. 14, p. 26]. The state filed a Response and supporting documentation. [ECF Nos. 14, 15, 16, 17, 18, 19]. Petitioner filed a Reply. [ECF No. 20].

## II.     Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause,

courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.  Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, he must show that his counsel's performance "fell below an objective standard of reasonableness" as measured by

prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Legal Analysis

A. <u>Claim One</u>

### 1. *Petitioner's Argument*

Petitioner contends that trial counsel failed to object to testimony from Officer Yepez that Petitioner ran from him when Yepez told Petitioner that there was a warrant out for his arrest. [ECF No. 1, p. 4]. Petitioner contends that this flight evidence was improper because the state failed to demonstrate a causal nexus between Petitioner's flight and the charged conduct (i.e., that he was aware that the arrest warrant was for the conduct charged in this case). [ECF No. 20, p. 2].

2.      *Discussion*

The state argues, [ECF No. 14, pp. 26-34], and Petitioner concedes, [ECF No. 20, p. 2], that this claim is unexhausted and procedurally defaulted. But Petitioner contends that this habeas court can consider this claim pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

*Martinez* held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

"To overcome the default, a prisoner must [] demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14.

Here, Petitioner has not demonstrated that claim one has "some merit" because he cannot show prejudice. The Undersigned assumes, *arguendo*, that counsel deficiently failed to object to Officer Yepez's testimony about Petitioner's flight. However, the state did not mention this flight during closing argument or argue that it proved his guilt. [ECF No. 16-3, pp. 126-55].

More importantly, the state presented strong evidence of Petitioner's guilt, including: (1) the victim's identification of Petitioner from a photo lineup; (2) the victim's in-court identification of Petitioner; (3) fingerprint evidence linking Petitioner to the victim's vehicle; (4) Petitioner's admission that, like the robber, he spoke Creole; and (5) Petitioner's admission that he was a two-time convicted felon, which likely damaged his credibility. [ECF No. 16-2, pp. 70, 96, 125, 129, 141; ECF No. 16-3, pp. 17, 21-22, 45-46, 50, 96-97, 102]. Therefore, Petitioner cannot show a

5

reasonable probability that, had the officer not testified about his flight, he would have received a more favorable outcome. Accordingly, claim one is procedurally defaulted and should be denied.

B.     Claim Two

Petitioner contends that trial counsel ineffectively failed to call Officer Ward as a defense witness. [ECF No. 1, p. 6]. Petitioner contends that Ward would have testified that Petitioner did not try to flee and was compliant during his arrest, thereby impeaching Officer Yepez. [*Id.*] Petitioner raised this claim in his amended Rule 3.850 motion. [ECF No. 15-2, pp. 88-90]. The trial court held that Petitioner could not show deficiency or prejudice on this claim. [*Id.* pp. 100-01, 106]. The Fourth District affirmed without comment. [ECF No. 15-3, p. 6].

The trial court reasonably concluded that Petitioner could not show prejudice on this claim. Petitioner testified that he did not resist arrest. [ECF No. 16-3, pp. 101-02]. Therefore, the jury heard substantially the same testimony that he contends--without factual support--Officer Ward would have provided. And, as discussed, the state presented strong evidence of his guilt. Therefore, the trial court reasonably concluded that, even had Ward provided the impeachment testimony, Petitioner could not show a reasonable probability of a more favorable outcome.

Thus, the state courts' rejection of claim two was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Accordingly, this claim should be denied.

C.     Claim Three

Petitioner contends that trial counsel ineffectively failed to impeach the victim, Jackson Sanson, with prior inconsistent statements. [ECF No. 1, p. 7]. Petitioner raised this claim in his amended 3.850 motion. [ECF No. 15-2, pp. 94-96]. The trial court held that the record refuted this claim because it showed that counsel "thoroughly cross-examined [Sanson], and was able to use

6

any inconsistencies in closing argument to argue that [petitioner] was not guilty." [*Id.* p. 103]. The Fourth District affirmed without comment. [ECF No. 15-3, p. 6].

Here, the record supports the trial court's finding that the trial transcript conclusively refuted this claim. Counsel thoroughly cross-examined Sanson, which included getting him to admit that he had made prior inconsistent statements in the case. *See, e.g.*, [ECF 16-2, p. 136]. Counsel discussed these inconsistencies during closing argument. *See, e.g.*, [ECF 16-3, p. 116]. Indeed, the court told Petitioner during trial that counsel "did an excellent job of impeaching [Sanson] and bringing all the inconsistencies to the jury's attention." [*Id.* p. 87]. Accordingly, the trial court reasonably concluded that the record conclusively refuted this claim.

In sum, the state courts' rejection of claim three was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. Thus, this claim should be denied.

D.   Claim Four

Claim four is procedurally barred. At trial, Officer Babich testified that Petitioner's fingerprints matched a print on the victim's car. [ECF No. 14, p. 23 (citations omitted)]. As noted, the state relied on this evidence in arguing Petitioner's guilt.

Petitioner contends that trial counsel ineffectively failed to object to the state's discovery violation regarding Babich. [ECF No. 1, p. 8]. He contends that, because Babich provided expert testimony, the state was required to list her as a "category A" witness under Florida Rule of Criminal Procedure 3.220(b)(1)(A)(i)(7). [ECF No. 20, p. 5]. It is undisputed that the state listed Babich as a "category B" witness in its discovery, though it referred to her as "Latent Examiner." [ECF No. 15-3, p. 96]. It is also undisputed that the state notified Petitioner in its supplemental discovery of a latent print report that Babich authored. [*Id.* p. 100].

The state argues, [ECF No. 14, pp. 29-30, 32-33], and Petitioner concedes, [ECF No. 20, pp. 4-5], that this claim is procedurally barred. However, Petitioner contends that this habeas court can consider this claim under *Martinez*.

The Undersigned disagrees; this claim does not have merit because Petitioner cannot show prejudice. The Undersigned assumes, *arguendo*, that the state committed a discovery violation by failing to list Babich as a category A witness. *See* Fla. R. Crim. P. 3.220(b)(1)(A)(i)(7). However, this violation would not necessarily have resulted in the preclusion of Babich's testimony. Rather, the trial court would have had to conduct a hearing "to determine whether the State's [assumed] discovery violation was (1) inadvertent or willful, (2) trivial or substantial, and (3) prejudicial to [petitioner's] trial preparation." *Luis v. State*, 851 So. 2d 773, 776 (Fla. 2nd DCA 2003) (citing *Richardson v. State*, 246 So.2d 771, 774-75 (Fla. 1971)).

Here, Petitioner has not shown that the trial court would have so concluded. Rather, he conclusorily asserts that the trial court "would likely have excluded Officer Babich's opinion testimony because the State had a substantial amount of time to notify [] [him] of [its] intention to offer opinion testimony and yet elected to pursue a trial by ambush strategy." [ECF No. 1, p. 8]. This conclusory allegation is insufficient.

Furthermore, the record contradicts this assertion. As noted, the initial discovery referred to Babich as a latent examiner, and the supplemental discovery disclosed that she authored a latent print report. Therefore, Petitioner has not adequately shown that the trial court would have precluded Babich's testimony about the fingerprint analysis. Moreover, as discussed, the victim identified Petitioner before and during trial and testified that petitioner robbed and kidnapped him.

On this record, Petitioner cannot show a reasonable probability that, had counsel objected to the discovery violation, petitioner would have received a more favorable outcome. Consequently, this claim is procedurally barred and should be denied.

E.   Claim Five

Petitioner contends that, when moving for a judgment of acquittal, counsel ineffectively argued that the motion should be granted as to the kidnapping count pertaining to victim Adaline Etienne. [ECF No. 1, p. 9]. In support, he contends that Etienne did not testify at trial and, therefore, the state failed to prove that the abduction was against Etienne's will, a necessary element of a kidnapping offense. [*Id.*].

The state argues, [ECF No. 14, pp. 29-34], and Petitioner concedes, [ECF No. 20, pp. 5-6], that this claim is unexhausted and procedurally defaulted. Again, Petitioner contends that this habeas court can consider this claim under *Martinez*.

Here, Petitioner has not shown that this claim has merit. As the state correctly notes, the "trial transcript shows that defense counsel's attack on the kidnapping charge focused on the requirement that the confinement be against [Etienne's] will[.]" [ECF No. 14, pp. 49-50]; *see also* [ECF No. 16-3, pp. 103-04]. Furthermore, Sanson "was an eyewitness as well as a victim," [ECF No. 14, p. 50], and his testimony would have sufficed to show that Etienne was confined against his will through threats and/or force, *see, e.g.*, [ECF No. 16-2, pp. 104, 108-10].

In short, the claim is procedurally barred and should be denied.

F.   Claim Six

Petitioner contends that counsel ineffectively advised him to testify in his own defense. [ECF No. 1, p. 11]. In support, he contends that he did not want to testify lest the state impeach him with his prior felony convictions. [*Id.*]. However, he contends that counsel pressured him to

testify, a decision he contends hurt him more than helped him. [*Id.*]. Petitioner raised this claim in his amended 3.850 motion. [ECF No. 15-2, pp. 96-97]. The trial court rejected this claim on the ground that the record refuted it. [*Id.* pp. 103-04, 106]. The Fourth District affirmed without comment. [ECF No. 15-3, p. 6].

Here, as the trial court found, the record refutes this claim. Before he took the stand, the court thoroughly colloquied petitioner regarding his decision to testify. [ECF No. 16-3, pp. 73-87]. The court informed Petitioner that: (1) he had the right not to testify; (2) that the state would have the right to cross-examine and impeach him with his prior felony convictions if he testified; and (3) even though his attorneys could advise him, the decision to testify was ultimately his. [*Id.* pp. 73-75, 79]. After speaking with counsel, Petitioner stated that: (1) he wanted to testify; (2) no one had forced or unduly influenced him to testify; (3) his decision was voluntary; (4) he had had enough time to speak with counsel; and (5) he was satisfied with counsel's representation. [*Id.* pp. 85-87]. On this record, the trial court reasonably found that the record refuted Petitioner's ineffectiveness claim. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts. The claim should be denied.

G.  Claim Seven

1.  *Background*

On May 5, 2008, Petitioner filed a "petition for writ of habeas corpus" in the trial court. [ECF No. 15-1]. He argued that his life sentence violated due process and the Eighth Amendment because a jury acquitted his codefendant in a separate trial of the same charges based on the same

evidence. [*Id.* pp. 221-22, 226-27]. The court denied the petition without prejudice as facially insufficient. [*Id.* p. 258]. On September 3, 2008, Petitioner filed an amended petition in which he disputed that his claim was facially insufficient. [*Id.* p. 260]. The trial court summarily denied the amended petition. [ECF No. 15-2, p. 3]. Petitioner appealed. [*Id.* pp. 5, 54]. The Fourth District affirmed without comment. [*Id.* p. 56].

2.     *Petitioner's Argument*

Petitioner contends that his 22-year sentence is "grossly disproportionate" to the sentence of his codefendant, whom a jury acquitted of the same charges in a separate trial. [ECF No. 1, p. 13].

3.     *Exhaustion*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court." *Id.* (citations omitted).

Here, Petitioner did not present claim seven in state court. As he concedes, [ECF No. 20, p. 8], Petitioner has never argued in state court that his 22-year sentence was disproportionate to that of his codefendant. Rather, he argued, approximately ten years before his resentencing, that his life sentence was grossly disproportionate to that of his codefendant. Petitioner contends that claim seven is exhausted because "the factual and legal issue remains the same." [*Id.*] This contention is specious. The agreed-upon modification of his prison term from life to twenty-two years is a new and significant development that would render the claim factually and/or legally distinct from Petitioner's previous claim. Therefore, even assuming Petitioner somehow raised this

claim in his 2008 petitions, he has not "fairly" presented it to the state court. In short, this claim is unexhausted.[2]

It is not appropriate to stay the case so that Petitioner may exhaust this claim. This claim is not "potentially meritorious." *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Potts v. State*, 430 So. 2d 900, 903 (Fla. 1982) ("[The U.S. Supreme Court has] refused to adopt the doctrine of non-mutual collateral estoppel in criminal cases because acquittals can result from many factors other than guilt or innocence, the procedural elements pertaining to one defendant can be totally different than those applying to another, and there is no procedure for retrying a defendant once acquitted even though the verdict might be clearly erroneous." (citing *Standefer v. United States*, 447 U.S. 10 (1980))). Furthermore, Petitioner has not shown "good cause" for his failure to exhaust this claim, and it appears that this failure reflects a "litigation tactic[.]" *See Davis v. Sellers*, 940 F.3d 1175, 1191 (11th Cir. 2019) (citing *Rhines*, 544 U.S. at 278); *see also* [ECF No. 14, p. 52]. Thus, the claim should be denied.

H.     Claim Eight

Petitioner contends that the cumulative effect of counsel's alleged errors resulted in a trial whose result was fundamentally unfair. [ECF No. 1, p. 15]. The state argues, [ECF No. 14, pp. 30-33, 53], and Petitioner concedes, [ECF No. 20, p. 9], that his claim is unexhausted and procedurally defaulted. Petitioner contends that *Martinez* excuses the default. [*Id.*] However, he cannot show that this claim has merit. Assuming this claim is even cognizable under § 2254, it "clearly fails in light of the absence of any individual errors to accumulate." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 n.3 (11th Cir. 2012).

---

[2] The state has not clearly argued that this claim would be procedurally barred if Petitioner returned to state court to exhaust it. [ECF No. 14, pp. 30, 52]. Therefore, the Undersigned need not consider if it is procedurally defaulted.

## V.     Evidentiary Hearing

"[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295.

Here, claims two, three, and six were adjudicated on the merits in state court, and Petitioner has not demonstrated an error in clearly established federal law or an unreasonable determination of fact. Thus, he is not entitled to an evidentiary hearing on these claims.

Nor is Petitioner entitled to an evidentiary hearing on the remaining claims. As explained above, "the record . . . precludes habeas relief" on these claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Furthermore, the Court could "adequately assess [these] claim[s] without further factual development." *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

## VI.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable

jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the Undersigned denies a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Court. *See* R. 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VII.     Recommendations

As discussed above, it is recommended that Petitioner's § 2254 Petition [ECF No. 1] be DENIED as to claims one through six and eight and DISMISSED as to claim seven. It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 18th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Rudolph Woods
198668
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE

Heidi L. Bettendorf
Attorney General's Office
1515 N Flagler Drive
Suite 900
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: CrimAppWPB@MyFloridaLegal.com

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com